## ULLE v. DIAMOND ALKALI CO. et al.
### Civil Action No. 23343.

District Court, N. D. Ohio, E. D.
July 10, 1946.

William Ulle, individually and on behalf of the employees enumerated in Schedule A.

Stanley Denlinger, of Akron, Ohio, for plaintiffs.

Harold T. Clark, of Cleveland, Ohio, and Reed, Smith, Shaw & McClay, of Pittsburgh, Pa., for defendants.

FREED, District Judge.

Plaintiffs having filed their complaint herein against the defendants, Diamond Alkali Company and The Buckeye Soda Company, corporations, which with leave of court has been supplemented by the addition of the names of other former employees, alleging that the defendants owe them, as employees of said defendants, certain unpaid compensation for hours worked and an additional equal amount of liquidated damages, pursuant to Section 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 216(b), and

The defendants, having waived service of summons and having submitted themselves to the jurisdiction of this Court through the filing of an answer herein, and this cause coming on to be heard on this 10th day of July, 1946, upon the pleadings, stipulation of the parties as to the evidence and argument of counsel,

The Court finds upon the evidence stipulated by the parties;

1. That the property of the defendants covers a large area in Lake County, Ohio, on which are situated buildings which are located in an area approximately one mile in length and one-fourth of a mile in width; this property is surrounded by a fence and employees reporting to work are required to be identified at the gate and are required to travel from that point to their department so as to be ready to begin work in their department at the start of their eight hour shift. The employees have been paid by the defendants for washing up, changing clothes and traveling from the department to the time office at the end of each shift, but have not been compensated for travel time from the outer gate to the department, nor for changing clothes at the start of the shift, nor for traveling from the time office to the outer gate at the end of the shift.

2. That the employees traveling upon Company property to and from the gate and their departments are subject to the regulations of the Company; are required to expend mental and physical energy while

so doing and are performing this work for the benefit of the defendants.

3. That a survey has been made on the premises of the defendants in order to determine the amount of time spent by each employee traveling from the main gate to the time office and thence to his department, washing up and changing clothes, at the beginning of work, and washing up, changing clothes and returning from the department to the main gate at the end of work; that computations have been made to determine the time so consumed, and that said time, for which compensation has not been paid, is ten (10) minutes daily as to each employee who is a party plaintiff herein.

4. That on September 4, 1945, the plaintiffs in this proceeding through their duly authorized representatives entered into an agreement with the defendants herein, which now constitutes the working agreement between defendants and the plaintiffs, a portion of which, under the subject of Wages, is as follows:

"There shall be paid an increase of 6¢ an hour on rates agreed upon in the May 8, 1942 contract, a copy of which revised rate schedule is hereto attached marked 'Exhibit A' and made a part hereof. Such increase shall be for portal to portal pay and shall compensate for time reasonably required by individual employees in traveling upon company property to and from their respective departments, changing their clothes and washing up. To aid in the carrying out of this provision the Company will discontinue the present gate time clocks and will install departmental time clocks as soon as practicable."

5. That Schedule A hereto attached sets forth the amount due each plaintiff employee for work performed during the period involved in this action for overtime compensation in excess of forty (40) hours each week or in excess of eight (8) hours in any one (1) day. The amounts set forth in said Schedule A are based upon a computation of 6¢ per hour for all straight time worked by each of said plaintiffs from April 1, 1943, to September 2, 1945, both dates inclusive; 9¢ per hour for all hours worked in excess of forty (40) hours per week or eight (8) hours per day by each of said plaintiffs between the above dates and 12¢ per hour for all work performed on the seventh consecutive day worked in their regularly scheduled work week in accordance with Presidential Executive Order No. 9240, 40 U.S.C.A. § 326 note.

Said amounts include liquidated damages under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., in a sum equal to the overtime compensation earned but not yet paid.

6. That William Ulle is authorized to enter into this stipulation both on behalf of himself and of the individual employees enumerated in Schedule A hereto attached.

7. That counsel for plaintiffs has waived consideration by the Court of any fee or compensation for services in this cause to be fixed by the Court or included as a part of any judgment of this Court.

It is, therefore, ordered, adjudged and decreed:

1. That defendants pay to each of their employees employed in or about their places of business in Painesville Township and Fairport Harbor, Ohio, since April 1, 1943, whose names are contained in the schedule hereto annexed, marked "Schedule A" and made a part hereof, the amounts of money severally set opposite their names in said schedule.

2. That the defendants pay the cost of this action.